# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN AIRE FOR AIR CONDITIONING W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> MOHAMED FAROUK SALEM, <br><br> Defendant. | Case No. 1:18-cv-00873-NONE-SKO <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO VACATE THE SCHEDULING ORDER AND TRANSFER VENUE OR, IN THE ALTERNATIVE, MODIFY EXISTING SCHEDULING ORDER** <br><br> **ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1404 TO THE DISTRICT OF ARIZONA** <br><br> (Doc. 25) |

## I. INTRODUCTION

On June 10, 2020, Plaintiff filed a "Motion to Vacate the Scheduling Order and Transfer Venue or, in the Alternative, Modify Existing Scheduling Order," (Doc. 25). Defendant filed an opposition on July 1, 2020, and Plaintiff filed a reply on July 8, 2020. (Docs. 30, 31.) Upon review of the motion and supporting documents, the Court deemed the matter suitable for decision without oral argument. Accordingly, the Court vacated the hearing on the motion set for July 15, 2020. (*See* Doc. 32.) For the reasons set forth below, the motion is granted to the extent that the Court transfers this case to the District of Arizona. The motion is otherwise denied without prejudice as moot.[1]

---

[1] Plaintiff also filed a "Motion to Withdraw Deemed Admissions Under Fed. R. Civ. P. 36(b)" on June 23, 2020, (Doc. 29). As this case will be transferred, that motion will also be denied without prejudice as moot.

## II.   RELEVANT BACKGROUND

### A.   Factual Background[2]

Plaintiff is a business entity, registered and principally located in the Kingdom of Bahrain, that sells air conditioning components under the brand name "AIR2O." (*See* Doc. 1 ¶¶ 4, 7.) Defendant is an individual who resides in Fresno, California, who is Plaintiff's former managing director and a former shareholder. (*Id.* ¶¶ 5, 8–9.) After initial success, in 2013 Plaintiff "ran into cash flow difficulties," and Defendant blamed "the group management for the cash shortages." (*Id.* ¶ 12.) Defendant traveled to the United States in January 2014, and sent messages to another shareholder stating that Defendant was "leaving" the business and moving to California. (*Id.* ¶ 13.) Defendant allegedly "never returned to Bahrain to resume his responsibilities as Managing Director" and refused "to return to Bahrain to conduct a proper handover" of the business. (*Id.* ¶ 14.)

Plaintiff later learned that, before traveling to the United States, Defendant "had accessed and downloaded certain highly confidential and proprietary information and trade secrets from Plaintiff's computers," including AIR2O product designs, sales lists, financial models, and other information. (*Id.* ¶ 15.) Defendant also allegedly registered "AIR2O Cooling LLC" and "Air 2O Cooling Limited" in California and the United Kingdom, respectively, and "essentially commandeered [Plaintiff's] business for his own personal interest." (*Id.* ¶¶ 17–18.) Plaintiff alleges that Defendant "continues to use the website" created by Plaintiff and refuses to turn over the domain name to Plaintiff. (*Id.* ¶ 22.)

### B.   Procedural Background

On June 25, 2018, Plaintiff filed this case against Defendant, alleging causes of action for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d); misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*; and conversion. (*Id.* ¶¶ 40–58.)

---

[2] The facts in this section are drawn from Plaintiff's complaint, (Doc. 1).

On September 4, 2018, Defendant filed an answer and a counterclaim against Plaintiff for infringement of registered trademark. (Docs. 4, 4-1.) The Court entered a scheduling order on October 23, 2018. (Doc. 10.) The scheduling order set the non-expert discovery deadline for November 29, 2019; the expert disclosures deadline for December 6, 2019; the expert discovery deadline for January 10, 2020; the non-dispositive and dispositive motions filing deadline for January 31, 2020; a settlement conference for January 23, 2020; and a trial date of July 7, 2020. (*Id.* at 1.)

On December 11, 2019, Defendant filed motions seeking to compel Plaintiff's responses to Special Interrogatories, Requests for Production, and Requests for Admission. (Docs. 12, 13, 14.) Defendant filed the motions twelve days after the non-expert discovery deadline passed and failed to show good cause to modify the scheduling order; thus, the Court denied the motions without prejudice. (*Id.* at 4, 6.)

On April 6, 2020, at the request of the parties, the Court continued the pretrial conference to November 12, 2020 and the trial date to January 5, 2021, vacated the settlement conference and set a telephonic status conference before Magistrate Judge Erica P. Grosjean on June 16, 2020, to re-set the settlement conference date. (Doc. 20.) Judge Grosjean set a further status conference for September 15, 2020. (Doc. 28.)

**C.    The Present Motion**

On June 4, 2020, Plaintiff filed a "Consent Order Granting Substitution of Attorney," which the Court granted. (Docs. 21, 22.) Plaintiff, through its new counsel, filed the present motion on June 10, 2020. (Doc. 25.) The motion states that Plaintiff is "unfamiliar with the particularities of the American litigation system" and that the actions alleged in the complaint "threw [Plaintiff] into disarray causing it to drift without direction, unable to fully grasp the extent of damage and without the resources to diligently pursue its claims." (Doc. 25 at 9.) Plaintiff "presumed that—as the aggrieved party—it had flexibility to pursue this action as its own

schedule and resources permitted[.]" (*Id.*) Plaintiff contends that "[n]either party has litigated its claims" and "[g]iven the potential effect of this action in" the United Kingdom and the Middle East, "it should be heard on the merits." (*Id.* at 10.) Now that Plaintiff is "advised by litigation counsel . . . who are sophisticated and experienced in complex commercial and intellectual property litigation," it seeks to vacate the scheduling order and restart discovery. (*Id.*) Plaintiff attached a declaration from its predecessor counsel, who explains that a death in the family and an injury to his neck prevented him from meeting the deadlines in this case. (Doc. 25-10.)

Plaintiff also seeks to transfer the case to the District of Arizona because Defendant's business, "AIR2O Cooling LLC" ("AIR2O"), through which Plaintiff has allegedly used the marks and trade secrets at issue in the complaint, is headquartered in Scottsdale, Arizona. (*Id.*) Plaintiff states that it discovered Defendant's activities in Arizona after filing the complaint in this case. (*Id.* at 27.)

### III.   APPLICABLE LAW

Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of this section is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585,* 364 U.S. 19, 26, 27 (1960)). The party requesting the transfer bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of a plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986).

To support a motion to transfer under § 1404(a), the moving party must first show the

proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court. *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960); *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.,* 503 F.2d 384, 386 (9th Cir. 1974). Once this threshold requirement has been established, the Court next looks at whether the convenience of parties and witnesses, and the interests of justice favor transfer. 28 U.S.C. § 1404(a). According to the Ninth Circuit, relevant factors determining whether transfer will promote convenience and fairness include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org.,* 487 U.S. at 29 (quoting *Van Dusen,* 376 U.S. at 622). In determining whether transfer is proper, the court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal,* 805 F.2d at 843 (citations omitted). The court has the broad discretion to address some of these or other factors based on the particular facts of each case. *Bibo v. Federal Express, Inc.,* No. C07-2505 TEH, 2007 WL 2972948, at *2 (N.D. Cal. Oct. 10, 2007). "No single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *5 (N.D. Cal. Feb. 3, 2017).

## IV. DISCUSSION

### A. Venue is Proper in the District of Arizona Under 28 U.S.C. § 1391(b)(2)

Defendant does not contest whether he would be subject to the personal jurisdiction of the District of Arizona or whether there is subject matter jurisdiction in federal court. However, Defendant contends that the District of Arizona would be an "inappropriate" venue because Defendant resides in Fresno and the "mere fact that [Defendant] conducts business throughout the world including California and Arizona," is not sufficient to support a request to transfer. (Doc. 30 at 22–23.)

Under 28 U.S.C. 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" Plaintiff has sufficiently shown that venue is proper in the District of Arizona under 28 U.S.C. §1391(b)(2), as Defendant moved the headquarters of AIR2O to the District of Arizona, and thus it is likely that "a substantial part of property that is the subject of the action is situated" there. Further, as Plaintiff contends, because AIR2O is located in Arizona, that "is where [Defendant's] misappropriation, infringement, and conversion are being carried out via [AIR2O]." (Doc. 25 at 10.) The District of Arizona also has personal jurisdiction over Defendant due to his business activities in Arizona via his company AIR2O. *See Penuel v. Moriarty*, CIV 11-02025 PHX MEA, 2011 WL 13086575, at *4 (D. Ariz. Dec. 9, 2011); *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522 (9th Cir. 1989).

### B. Plaintiff Has Shown Sufficient Changed Circumstances to Support Transfer of Venue

When a plaintiff seeks to transfer venue from the district the plaintiff initially chose, some courts require that the plaintiff show a change in circumstances since the filing of the complaint. The Ninth Circuit has not explicitly addressed this issue or adopted a standard stating that a plaintiff must show changed circumstances. *See, e.g., Howard v. CVS Caremark Corp.*, No. CV 13-04748 SJO (PJWx), 2013 WL 12164627, at *2 n.4 (C.D. Cal. Aug. 22, 2013). However, as

6

stated by the court in *B&G Foods North America, Inc. v. Embry*, No. 2:20-cv-00526-KJM-DB, 2020 WL 3605070, at *2 (E.D. Cal. July 2, 2020) (collecting cases), district courts in the Ninth Circuit "routinely apply such a standard where a plaintiff attempts a transfer away from its initial venue selection." This is because, if courts did not require a plaintiff to show changed circumstances, "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges." *Id.* (quoting *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 48532945, at *6 (D. Or. Oct. 8, 2010)). Thus, plaintiff's new venue choice in the context of a motion to transfer should be examined "with a critical eye." *B&G Foods*, 2020 WL 3605070 at *4.

Here, Plaintiff's discovery that Defendant had moved the headquarters of AIR2O to Scottsdale, Arizona is a sufficient changed circumstance justifying the transfer of this case to the District of Arizona.[3] Plaintiff alleges that it discovered Defendant's actions in Arizona only after the filing of the complaint, and attached to its motion (1) apparently recent screenshots from the AIR2O website stating that the company's "new corporate headquarters" is in Scottsdale, Arizona and (2) an application for registration of foreign limited liability company showing that AIR2O only registered in Arizona as of March 4, 2019. (Doc. 25-5 at 3; Doc. 25-21 at 4.) Plaintiff filed this case in this district in 2018, and there is no indication that Plaintiff should have known prior to filing the complaint that Defendant would move the headquarters of AIR2O and, presumably, many of the documents and witnesses that will be at issue in this case.[4] Thus, Plaintiff has sufficiently shown that circumstances have changed since the filing of the complaint to justify a

---

[3] Due to the late discovery of the connections to Arizona, and Plaintiff's predecessor counsel failing to conduct any investigation in the case following the filing of the complaint and initial disclosures, (*see* Doc. 25-10), the Court finds excusable neglect under Fed. R. Civ. P. 6(b) for the limited purpose of allowing Plaintiff to file the motion to transfer venue, and the Court will consider the merits of the motion. The Court takes no position on whether Plaintiff has demonstrated good cause to vacate the scheduling order and re-set dates due to his predecessor counsel's negligence. *See Matrix Motor Co., Inc. v. Toyota Jidosha Kabushi Kaisha*, 218 F.R.D. 667, 672–74 (C.D. Cal. 2003).

[4] Although the complaint describes mostly Defendant's individual actions, his actions were allegedly to misappropriate Plaintiff's trade secrets and other business information in his conduct of the AIR2O business, thus, the documentary and testimonial proof of his individual actions related to the AIR2O business are most likely to be found at the AIR2O headquarters, as opposed to Defendant's personal residence.

7

transfer of venue to the District of Arizona, and this weighs in favor of transfer. *See, e.g., Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 618 (S.D.N.Y. 1995).

## C. Convenience of the Parties

In evaluating the parties' convenience, the Court considers Plaintiff's choice of forum, the parties' contacts with the forum, and the contacts relating to Plaintiff's claims in the chosen forum. *Jones*, 211 F.3d at 498. As an initial matter, because a plaintiff's new venue choice in the context of a motion to transfer should be examined "with a critical eye," *B&G Foods*, 2020 WL 3605070 at *4, the Court does not give the same deference to Plaintiff's present choice of forum in the District of Arizona as it would to Plaintiff's original choice of forum in the context of a defendant's motion to transfer. However, as explained above, Plaintiff has sufficiently shown changed circumstances to support a request to transfer venue to the new forum.

As to the parties' contacts in the Eastern District of California and the District of Arizona, respectively, the Court finds that the parties' relative contacts weighs slightly in favor transfer. Defendant points out that he resides in Fresno and his counsel is based in Fresno. (Doc. 30 at 22.) However, while Defendant resides in Fresno, he also operates a business headquartered in Arizona, and that business is the center of the infringing activities that Plaintiff alleges Defendant committed. (*See, e.g.,* Doc. 25-5.) Thus, as it relates to Plaintiff's claims in the complaint, it would appear that Defendant has at least as many relevant contacts in Arizona as he does in Fresno, and Defendant has not alleged any current connection to the case in Fresno beyond that it is Defendant's residence. As for Plaintiff, its counsel is also located in Fresno, and all of its relevant personnel are overseas in the Kingdom of Bahrain. (*See* Doc. 25 at 17.)

Next, while Plaintiff's complaint alleges that the operative facts as to Defendant's theft of trade secrets occurred in Bahrain, (Doc. 1 ¶ 15), the remainder of the operative facts relate to Defendant's *continuing* use of Plaintiff's domain name and trade secrets through operation of the AIR2O company, which is now located in Arizona. (*See id.* ¶¶ 16–35.) Thus, the majority of the

8

operative facts occurred or are occurring in Arizona. Accordingly, the Court finds that the convenience of the parties factor weighs slightly in favor of transfer. *See, e.g., DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005).

### D. Convenience of the Witnesses

The convenience of witnesses can be one of the most important factors in determining whether a transfer of venue is appropriate. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). A transfer of venue "may be denied when witnesses either live in the forum district or are within the 100-mile reach of the subpoena power" because individuals cannot be compelled to testify when they reside beyond the boundaries of the court's subpoena power. *Los Angeles Mem'l Coliseum Comm'n,* 89 F.R.D. at 501. Consequently, to show inconvenience for witnesses, "the moving party should state the witnesses' identities, locations, and content and relevance of their testimony." *Meyer Mfg. Co. Ltd. v. Telebrands Corp.*, No. CIV. S–11–3153 LKK/DAD, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002).

Here, this important factor weighs in favor of transferring the case to Arizona. As an initial matter, the Court notes that neither party has received any discovery beyond initial disclosures, and thus they face some difficulty in setting forth their precise expected witness list and what each witness will testify to. (*See* Doc. 25 at 16.) Nonetheless, the Court is persuaded by the evidence set forth in connection with Plaintiff's motion that the convenience of the witnesses factor weighs in favor of transfer. *See Allstar Mktg. Grp., LLC*, 666 F. Supp. 2d at 1132

As explained above, AIR2O is now headquartered in Arizona, and it is likely that the majority of non-party witnesses that can testify to Defendant's infringing activities are stationed at the company's headquarters. (*See* Doc. 25-5 at 3) (explaining that AIR2O's "new corporate headquarters [is] in Scottsdale, AZ."). While Defendant may reside in Fresno, one likely

9

important witness, the "CEO and Co-Founder" of AIR2O, Michael Sullivan, works "from [AIR2O's] . . . corporate headquarters in [Arizona]." (*Id.*) Plaintiff states that it expects Mr. Sullivan to "testify to, among other things, [Defendant's] use of the AIR2O mark in the company's course of business and [Defendant's] actions[.]" (Doc. 25 at 29.) The remaining witnesses are located overseas or elsewhere in the United States, according to both Plaintiff and Defendant, and thus for those witnesses neither Arizona nor California is necessarily more convenient. (*See* Doc. 25 at 28.) Because AIR2O is not a party to the case, the non-party witnesses in Arizona, including Mr. Sullivan, are beyond the subpoena power of the Court and Plaintiff would not be able to compel their testimony unless the case is transferred.[5] *See Los Angeles Mem'l Coliseum Comm'n,* 89 F.R.D. at 501; Fed. R. Civ. P. 45(c)(1)(A). Accordingly, this factor weighs in favor of transfer.

**E.   Interest of Justice**

"Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Tittl v. Hilton Worldwide, Inc.*, No. 1:12–cv–02040–LJO–JLT, 2013 WL 1087730, at *5 (E.D. Cal. Mar. 14, 2013) (quoting *Regents of the University of California v. Eli Lilly and Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)). Evaluating the interest of justice, the Court considers the ease of access to evidence; familiarity of the forums with the applicable law; and the differences in litigation in each forum, including court congestion and time of trial. *Burke v. USF Reddaway, Inc.,* No. 2:12–cv–02641–KJM–GGH, 2013 WL 85428, at *5 (E.D. Cal. Jan. 8, 2013) (citing *Jones*, 211 F.3d at 498–99). Also, the Court may consider the existence of a pending related action in the forum to which transfer has been proposed. *Cantley*,

---

[5] Plaintiff has also indicated a desire to amend its complaint to add AIR2O as a defendant, as well as an east coast company called "Speakman Company," which owned some AIRO "assets and intellectual property" before Plaintiff purchased them from it in 2011. (Doc. 25 at 30.) The Court expresses no opinion on the propriety of the proposed amendments and will leave that question to the District of Arizona. The current operative pleading does not name AIR2O as a defendant, and thus Plaintiff would be unable to compel the attendance of AIR2O's officers and employees at a trial in the Eastern District of California. *See* Fed. R. Civ. P. 45(c)(1)(A).

10

2016 WL 4191889, at *5 (citing *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005)).

### 1.     Ease of Access to Evidence

For this factor, some courts require that "any difficulties in accessing the evidence must be more significant than those that can be overcome by the availability of electronic data transfer." *May v. Haas*, No. 2:12–cv–01791–MCE–DAD, 2013 WL 4010293, at *7 (E.D. Cal. Aug. 5, 2013); *but see Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ("Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored."). Plaintiff has not identified any specific documentary evidence that is located in Arizona, but that is likely partially due to the fact that the parties have not conducted any discovery beyond initial disclosures. Plaintiff also does not describe how there would be difficulties accessing evidence that could not be mitigated by electronic data transfer capabilities. However, because AIR2O's global headquarters is in Arizona, it is likely there is significant documentary evidence there and that there would ostensibly be greater ease of access to that evidence in Arizona than in California, especially if some of it is kept in hard copy form. *See Wilson v. Walgreens Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011). Thus, in the circumstances of this case, the Court finds that the ease of access to evidence factor is neutral.

### 2.     Pendency of a Related Action

"The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Jolly v. Purdue Pharma L.P.,* No. 05–CV–1452H, 2005 WL 2439197, at *5 (N.D. Cal. Sept. 28, 2005). This factor is neutral as there is no related action pending.

11

### 3. Familiarity of the Forums with Applicable Law

Neither party contends that the District of Arizona is more or less familiar with the law in this federal question case—the Lanham Act, 15 U.S.C. § 1125(d) and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.* Although there is a pendent state law claim for conversion, the Court has no reason to question the ability of the District of Arizona to correctly apply the relevant law, *see, e.g.*, *Szegedy v. Keystone Food Prods., Inc.*, No. CV 08-5369 CAS (FFMx), 2009 WL 2767683, at *7 (C.D. Cal. Aug. 26, 2009), and thus finds this factor to be neutral.

### 4. Court Congestion in Each Forum

The Court must consider "the administrative difficulties flowing from court congestion" when considering the interest of justice. *Decker Coal*, 805 F.2d at 843 (citing *Piper Aircraft*, 454 U.S. at 255). Relative court congestion, however, is only a "minor factor" in the transfer analysis and "this factor alone cannot control the overall balance of this Court's decision" on a motion to transfer. *Royal Queentex Enters. v. Sara Lee Corp.*, No. C–99–4787 MJJ, 2000 WL 246599, at *8 (N.D. Cal. Mar. 1, 2000). "Ultimately, the inquiry centers on whether a trial may be speedier in another court because of its less crowded docket." *Ganezer,* 2012 WL 12867971, at *8 (internal quotation omitted).

Here, Plaintiff raises the "judicial emergency" that the Eastern District of California is currently experiencing as cause to transfer the case to the District of Arizona. (*See* Doc. 25 at 27.) The Court takes judicial notice of the most recent available data showing that as of December 31, 2019, the Eastern District of California and the District of Arizona had comparable case resolution timelines: civil cases in the District of Arizona took a median time of 36.7 months from filing to trial and 11.7 months from filing to disposition, while cases in the Eastern District of California took a median time of 32.2 months from filing to trial and 10.0 months from filing to disposition. *See United States District Court—National Judicial Caseload Profile*, available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf.

However, this data reflects statistics from before the "Standing Order in Light of Ongoing Judicial Emergency" was entered on February 3, 2020, alerting the parties that "it is unlikely that . . . civil cases will be able to proceed to trial on the currently scheduled date" and that trial delays are likely. (Doc. 18-1 at 4.) On the other hand, this case is set for a jury trial, (*see* Doc. 10), and the ongoing coronavirus (COVID-19) pandemic has created uncertainty regarding the timeline of jury trials generally. Further, the judicial emergency in this district "does not permit the Court to transfer every case in which there is a tenuous nexus with another judicial district." *Franken v. Esper*, No. 2:17-cv-01128-JAM-KJN, 2018 WL 4787021, at *3 (E.D. Cal. Oct. 3, 2018). Thus, in the circumstances of this case and due to the judicial emergency in this district, the Court finds this minor factor weighs slightly in favor of transfer. *See Royal Queentex Enters.*, 2000 WL 246599, at *8 (stating that relative court congestion is only a "minor factor" in the transfer analysis); *B&G Foods*, 2020 WL 3605070, at *2 ("The relative caseload burdens of the two districts weighs slightly in favor of transfer, but relying on caseload weights alone is overly simplistic and does not provide a fair resolution of the questions properly raised regarding transfer of venue.").

On balance, as set forth above, the Court finds that the relevant considerations under Section 1404(a) favor transferring the case to the District of Arizona. Because the Court grants Plaintiff's request for a transfer, the Court does not reach the merits of Plaintiff's remaining requests and allows the District of Arizona to address Plaintiff's requests regarding discovery and the scheduling order.

### V.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's "Motion to Vacate the Scheduling Order and Transfer Venue or, in the Alternative, Modify Existing Scheduling Order," (Doc. 25), is GRANTED IN PART. The motion is granted only to the extent that the Court

hereby TRANSFERS this case to the District of Arizona.[6]  The motion is otherwise DENIED WITHOUT PREJUDICE, as moot.[7]

IT IS SO ORDERED.

Dated:   **August 14, 2020**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

---

[6] "Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013).  *See also Cantley*, 2016 WL 4191889, at *6 n.1.

[7] As indicated above, Plaintiff's "Motion to Withdraw Deemed Admissions Under Fed. R. Civ. P. 36(b)," (Doc. 29), is similarly DENIED WITHOUT PREJUDICE, as moot.