Andrew F. Halaby (ASB #017251)
Patrick W. Kelly (*pro hac vice*)
Shalayne L. Pillar (ASB #034006)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
E-Mail: ahalaby@swlaw.com
          pkelly@swlaw.com
          spillar@swlaw.com
*Attorneys for Plaintiff/Counterclaim Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Green Aire for Air Conditioning, W.L.L., a Business Entity Registered in the Kingdom of Bahrain,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>   v.<br><br>Mohamed Farouk Salem, an individual; and Does 1 Through 50, inclusive,<br><br>        Defendant/Counterclaimant. | No. 2:20-CV-01622-SMB<br><br>**GREEN AIRE FOR AIR CONDITIONING, W.L.L.'S MOTION TO WITHDRAW DEEMED ADMISSIONS** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim Defendant Green Aire for Air Conditioning, W.L.L. ("Green Aire") hereby moves to withdraw Green Aire's deemed admissions related to Defendant/Counterclaimant Mohamed Farouk Salem's ("Salem's") September 23, 2019 Requests for Admission. [*See* Declaration of Shazad Omar ("Omar Decl.") ¶ 7, Ex. K.] Doing so will permit the presentation of the merits of each party's claims and defenses and will not prejudice Salem's ability to litigate his claims or defenses at trial. This motion is supported by the following memorandum of points and authorities.[1]

---

[1] The memorandum largely mimic that which Green Aire filed in the Eastern District of California in support of a similar motion seeking the same relief, before the case was transferred to this Court. [*See* E.D. Cal. Case No. 1:18-cv-00873-NONE-SKO ("Pre-Transfer") Doc. No. 29.] Given its transfer of the case here, the Eastern District denied the motion without prejudice as moot [Pre-Transfer Doc. No. 33 at 1, fn.1], necessitating this motion's filing here.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1

**TABLE OF CONTENTS**

2

**Page**

3   I.      FACTUAL BACKGROUND ........................................................................ 1

4   II.     GREEN AIRE'S CLAIMS AND DEFENSES ......................................... 1

    III.    SALEM'S FIRST SET OF REQUESTS FOR ADMISSIONS .............................. 2

5   IV.     THE ADMISSIONS SHOULD BE DEEMED WITHDRAWN ............................ 3

6           A.      WITHDRAWING THE ADMISSIONS WOULD PERMIT THIS
                    ACTION TO BE HEARD ON THE MERITS. ............................................. 4

7
            B.      WITHDRAWAL WILL NOT PREJUDICE SALEM IN
8                   MAINTAINING HIS DEFENSE ON THE MERITS. ............................... 10

    V.      CONCLUSION ........................................................................................ 12

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
Office Address

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*,
174 F.3d 1036 (9th Cir. 1999) ........................................................................ 9

*Conlon v. United States*,
474 F.3d 616 (9th Cir. 2007) ..................................................................... 3, 11

*Davis v. Buckley*,
No. 4:12-CV-78-TUC-JR, 2013 WL 12114581 (D. Ariz. June 11, 2013) .................. 7, 8

*Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*,
448 F.3d 1118 (9th Cir. 2006) ...................................................................... 5, 6

*Dial Mfg., Inc. v. PPS Packaging Co.*,
No. CV-10-399-PHX-GMS, 2012 WL 13019169 (Dec. 20, 2012) ........................... 4

*DSPT Intern., Inc. v. Nahum*,
624 F.3d 1213 (9th Cir. 2010) ........................................................................ 9

*Flores v. Merced Irrigation Dist.*,
No. 1:09cv1529 LJO DLB, 2010 WL 4877795 (E.D. Cal. Nov. 23, 2010) .................. 4

*FLP LLC v. Wolf*,
CV-17-007733-PHX-DGC, 2018 WL 3586402 (D. Ariz. July 26, 2018) ...................... 6

*Hadley v. United States*,
45 F.3d 1345 (9th Cir. 1995) .......................................................... 4, 7, 10, 11

*Jimena v. UBS AG Bank, Inc.*,
No. 1:07-CV-00367-OWW-SKO, 2011 WL 587309 (E.D. Cal. Feb. 9, 2011) ....... 10, 11

*Lahoti v. VeriCheck, Inc.*,
586 F.3d 1190 (9th Cir. 2009) ........................................................................ 8

*North Am. Lubricants Co. v. Terry*,
No. CIV S-11-1284 KJM GGH, 2012 WL 113788 (E.D. Cal. Jan. 13, 2012) ............... 6

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*,
897 F.3d 1008 (9th Cir. 2018) ........................................................................ 5

*Rodgers v. Watt*,
722 F.2d 456 (9th Cir. 1983) .......................................................................... 4

*Sengoku Works Ltd. v. RMC Intern., Ltd.*,
96 F.3d 1217 (9th Cir. 1996) .......................................................................... 5

*Sonoda v. Cabrera*,
255 F.3d 1035 (9th Cir. 2001) ....................................................................... 10

*Vaught v. Clark*,
No. 2:09-cv-3422 MCE CKD P., 2012 WL 5381518 (E.D. Cal. Oct. 31, 2012) ............ 8

*White v. US*,
No. CV-10-08128-PCT-JRG, 2011 WL 6175933 (D. Ariz. Dec. 9, 2011) ..... 4, 6, 10, 11

**Statutes**

15 U.S.C. § 1125 ................................................................................................. 7

15 U.S.C.  § 1114(a) ........................................................................................... 6

15 U.S.C. § 1125(d) ........................................................................................... 1

15 U.S.C. § 1125(d)(1)(A)(i) ............................................................................. 9

15 U.S.C.§ 1125(d)(1)(B)(ii) ............................................................................. 8

18 U.S.C. § 1836, *et seq.* .................................................................................. 1

**Rules**

Fed. R. Civ. P. 1 ................................................................................................ 4

Fed. R. Civ. P. 36 ........................................................................................ 3, 11

**Other Authorities**

Ninth Cir. Model Jury Instructions 15.6 ........................................................... 5

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 2:15 (5th ed. 2020) ........................................................................................................... 5

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:14 (5th ed. 2020) ........................................................................................................... 5

McCarthy on Trademarks and Unfair Competition § 25A:49 ........................... 9

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   FACTUAL BACKGROUND**

3

      Green Aire directs the court to the detailed factual background included in its

4

concurrently filed Motion to Set New Scheduling Order Deadlines, in which all facts

5

relevant to the underlying motion are relayed and are incorporated by this reference.

6

**II.   GREEN AIRE'S CLAIMS AND DEFENSES**

7

      Green Aire filed this action through predecessor counsel on June 25, 2018, in the

8

Eastern District of California, alleging cybersquatting (15 U.S.C. § 1125(d)),

9

misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016 (18

10

U.S.C. § 1836, *et seq.*), and conversion. [Pre-Transfer Doc. No. 1, Counts I–III.]

11

      Salem, however, denied Green Aire's allegations and instead asserted a counterclaim

12

against Green Aire for infringement of his registered trademark "Air2O Intelligent

13

Cooling." [*See generally* Pre-Transfer Doc. Nos. 4, 4-1.] Salem's counterclaim alleges he

14

is the "owner of the pertinent exclusive rights" to use the marks "Air2O Intelligent Cooling"

15

and "Air2O" and that he—not Green Aire—held the rights to Air2O.com. [Pre-Transfer

16

Doc. No. 4-1 ¶¶ 9, 17–18.] And for the first time as recently as July of this year, in briefing

17

before the Eastern District of California [*see* Pre-Transfer Doc. No. 29-4 at 18-20], Salem

18

has argued that he individually, not Speakman, possessed rights to the Air2O trademark

19

when Speakman purported to sell them to Green Aire, ***notwithstanding that Salem himself***

20

***held Speakman out as possessing those rights.*** Salem has gone so far as to argue that

21

Green Aire should have "investigate[d] whether Speakman owned any trademarks

22

including Air2O," notwithstanding that Salem himself purported on Speakman's behalf to

23

sell Green Aire those rights. This new and remarkable assertion – to the effect, "I know I

24

told you Speakman was selling it to you, but it really was mine, not Speakman's, and I

25

didn't sell it to you – is extraordinary, and thus, implicates at least one additional party

26

(Speakman) as well as additional claims (at a minimum, breach of fiduciary duty) against

27

Salem, in connection with the 2011 transaction.

28

      Green Aire answered Salem's counterclaim by denying the material allegations

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

requiring a response, including but not limited to, denying that Salem owned the mark "Air2O Intelligent Cooling" or "Air2O."  [*See generally* Pre-Transfer Doc. No. 4.]

### III.     SALEM'S FIRST SET OF REQUESTS FOR ADMISSIONS

On September 23, 2019, Salem served his RFAs to Green Aire.  [Declaration of Shazad Omar in Support of Green Aire for Air Conditioning, W.L.L.'s Mot. To Set New Sched. Order Deadlines ("Omar Decl.") ¶ 7, Ex. K.]  The RFAs requested admissions on dispositive elements of Salem and Green Aire's claims as follows:

1.     Admit that Defendant owns the marks "AIR2O" and "AIR2O INTELLIGENT COOLING".

2.     Admit that Defendant registered the marks "AIR2O" and "AIR2O INTELLIGENT COOLING".

3.     Admit that Defendant did not violate the provisions of 15 U.S. Code § 1125 with respect to the domain name <air2o.com>.

4.     Admit that Defendant had reasonable grounds to believe that the use of the domain name <air2o.com> was a fair use or otherwise lawful.

5.     Admit that Defendant actually believed that the use of the domain name <air2o.com> was of fair use or otherwise lawful.

6.     Admit that the "AIR2O" and "AIR2O INTELLIGENT COOLING" marks and "<air2o.com>" domain belongs to Defendant.

7.     Admit that that YOU did not register the marks "AIR2O" and "AIR2O INTELLIGENT COOLING."

8.     Admit that that YOU did not register the domain name "<air2o.com>."

[*See id.*]

Green Aire was unable to respond to these requests due to events beyond its control. Unfortunately, its predecessor counsel's grandfather, who raised him, fell gravely ill, requiring months in the hospital, including the intensive care unit, which understandably distracted Green Aire's predecessor counsel from the deadlines in this action.  [Omar Decl. ¶ 9.]

Salem filed a motion to compel Green Aire's response on December 11, 2019.  [Pre-Transfer Doc. No. 14 at 5 ("Defendant now moves this Court for an order compelling

Plaintiff's response to the outstanding discovery requests.").]  Because Salem failed to file this motion before the discovery cutoff, the Court denied Salem's request, but acknowledged that, under the Federal Rules of Civil Procedure, the RFAs were deemed admitted.  [*See* Pre-Transfer Doc. No. 16.]

Beyond this initial attempt at discovery, neither party has substantively litigated this case:  Aside from Salem producing the twelve documents identified in his initial disclosures, neither party has produced any records, served any expert reports, or taken any depositions.  [Omar Decl. ¶¶ 4, 6, 14, 23.]  Trial will not be held for months, and likely longer.  As such, the case has not progressed, on either side, beyond initial disclosures.

## IV.    THE ADMISSIONS SHOULD BE DEEMED WITHDRAWN.

While requests for admission, unanswered, are normally deemed "admitted," Rule 36(b) permits courts to grant relief from these admissions if:  (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.  *See* Fed. R. Civ. P. 36(a)–(b); *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Admissions are sought, first, to facilitate proof . . . and, second, to narrow the issues by eliminating those that can be.  The rule is not to be used in an effort to harass the other side or in the hope that a party's adversary will simply concede essential elements.") (citing Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment).

Green Aire meets both prongs of Rule 36(b).  First, granting Green Aire relief from its automatic admissions would allow each side to litigate the merits of this action, rather than potentially being bound to Salem's poorly drafted and conclusory RFAs.

Second, Salem suffers no prejudice upon the withdrawal of these admissions due to the lack of overall litigation in this matter.  Given that trial is not imminent, and Salem served the requests at the end of the discovery period, Salem has not materially relied on these admissions.  As such, permitting Green Aire to withdraw its automatic admissions would subserve the presentation of the merits *and* allow both parties to maintain their

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

claims—without prejudice—in the furtherance of justice. *See* Fed. R. Civ. P. 1; *see Flores v. Merced Irrigation Dist.*, No. 1:09cv1529 LJO DLB, 2010 WL 4877795, at *3 (E.D. Cal. Nov. 23, 2010) (permitting withdrawal of a party's deemed admissions in light of the Federal Rules of Civil Procedure's "general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems") (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

A.      **Withdrawing the Admissions Would Permit This Action to Be Heard on the Merits.**

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (affirming district court's withdrawal of admissions when the admissions sought "essentially admitted the necessary elements of 'responsibility' and 'willfulness'" in dispute). Persuasive policy backs this rule, as allowing a party to withdraw its admissions allows courts to adjudicate the merits, rather than apply "gotcha" justice. *See, e.g.*, *Dial Mfg., Inc. v. PPS Packaging Co.*, No. CV-10-399-PHX-GMS, 2012 WL 13019169, at *1-2 (Dec. 20, 2012) (permitting withdrawal, despite movant counsel's failure to timely respond, because "the deemed admissions would eliminate a showing on the merits"); *White v. US*, No. CV-10-08128-PCT-JRG, 2011 WL 6175933, at *5-6 (D. Ariz. Dec. 9, 2011) (permitting withdrawal where the deemed admissions went "directly to an important element of the plaintiff's case" noting withdrawal would "promote the presentation of the merits").

**Arguments re Specific Requests for Admission**

**RFA Nos. 1, 2, and 7**

1.      Admit that Defendant owns the marks "AIR20" and "AIR20 INTELLIGENT COOLING".

2.      Admit that Defendant registered the marks "AIR20" and "AIR20 INTELLIGENT COOLING".

7.      Admit that that YOU did not register the marks "AIR20" and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

- 4 -

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    "AIR20 INTELLIGENT COOLING."[2, 3, 4]

2    RFA Nos. 1, 2, and 7 attempt to implicate the ownership and registration of the

3    disputed marks, *i.e.*, that Salem owns and registered the "Air2O" and "Air2O Intelligent

4    Cooling" marks and Green Aire does not own them and did not register them.  [Omar Decl.

5    ¶ 7, Ex. K.]  But the requests actually discuss "AIR20" and "AIR20 Intelligent Cooling."

6    [*Id.*]  These "marks," if they are marks at all, are not at issue in this action and thus the

7    requests are irrelevant.  Moreover, one cannot, as in RFA No. 1, "own" a mark independent

8    of particular goods or services, and use of that mark to identify and distinguish the source

9    of same. *See* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §

10   2:15 (5th ed. 2020) ("A trademark has no existence separate from the good will of the

11   product or service it symbolizes."); *Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217,

12   (9th Cir. 1996) ("To acquire ownership of a trademark it is not enough to have invented the

13   mark first or even to have registered it first; the party claiming ownership must have been

14   the first to actually use the mark in the sale of goods or services."); *see also Dep't of Parks*

15

16   2    Confusingly, the majority of Salem's RFAs provide for "AIR2**0**," "AIR2**0** INTELLIGENT COOLING", and "air2**0**.com"—i.e., **a zero (0) rather than the letter "O."** However, the mark is described in Salem's Answer, and Counterclaim with the letter "O."  [*See, e.g.*, Pre-Transfer Doc. No. 4, Answer ¶ 22; Pre-Transfer Doc. No. 4-1, Countercl. ¶¶ 6, 8–10.]  This confusion implicates an essential element of any trademark suit—that is, identification of the mark allegedly infringed.  *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018) ("To prevail on[a trademark infringement claim], a plaintiff must show that: 1) it has a valid, protectable mark; and 2) the defendant's use of the mark is likely to cause consumer confusion."); Ninth Cir. Model Jury Instructions 15.6, "Infringement—Elements and Burden of Proof—Trademark (requiring, as the first element, that the claimant's mark is a "protectable trademark."); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:14 (5th ed. 2020) (stating for unregistered and registered marks alike, "plaintiff must prove both validity and infringement," and citing cases from various jurisdictions emphasizing plaintiff's burden to show 'the existence of a protectable mark'").

24   3    Notably, RFA Nos. 6 and 8 switch to AIR2**0**.com, spelled with a letter "**O**." But because RFA No. 5 spells the domain with a zero—AIR2**0**.com—it remains unclear what domain Salem seeks rights over.  [Omar Decl. ¶ 7, Ex. K.]

26   4    Moreover, Salem's application to register his alleged mark included a specimen filed May 18, 2017 depicting the mark as "Air2O" — a form first published by Green Aire as early as 2013.  [*See* Doc. 45-3, Declaration of G. Odisho in Support of Pl. Green Aire for Air Conditioning, W.L.L.'s Mot. to Withdraw Deemed Admissions and Mot. to Set New Scheduling Order Deadlines Under Fed. R. Civ. P. 36(b), ¶¶ 5, 7, Exs. S, U.]  This evidence shows Salem stole the mark from Green Aire.

*& Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125 (9th Cir. 2006) (same). Indeed, absent those particulars, there is no such thing as a "mark" to register. *See* 15 U.S.C. § 1114(a). These RFAs then have little value on their face.

But if Salem's RFAs are construed broadly and it is determined that it was simply a "typo" between the stated marks in the RFAs and the marks at issue in the action, then they could be construed to cover precisely what this action seeks to resolve:  rights to use the marks in connection with the sale or servicing of air conditioners. [*See, e.g.*, Pre-Transfer Doc. No. 4-1 ¶¶ 17, 19 (alleging that that Salem "owns" the "Air2O Intelligent Cooling" and "Air2O" marks, and that Green Aire has used the marks "without [Salem's] consent.").]

Registration is an important factor, amongst others, in this action. [*See* Pre-Transfer Doc. No. 1, Count I.]   Under the Lanham Act, registration is *prima facie* evidence of validity—a necessary element to any trademark claim. *See* 15 U.S.C. § 1114(a); *see also FLP LLC v. Wolf*, CV-17-007733-PHX-DGC, 2018 WL 3586402, at *2 (D. Ariz. July 26, 2018) ("To prevail on a trademark infringement claim, [plaintiff] must prove '(1) that it has a protectible ownership interest in the mark; and (2) that [defendant's] use of the mark is likely to cause consumer confusion, thereby infringing upon [plaintiff's] rights to the mark;" "[w]ith respect to ownership, [plaintiff's] federal registration of the Mark is 'prima facie evidence of its ownership.") (quoting *Dep't of Parks & Recreation*, 448 F.3d at 1124).  And although this presumption may be rebutted by, among other things, Green Aire's first use of the mark and the source of the products previously used with the mark, allowing these admissions to stand may short circuit Salem's burden of proof and cause confusion concerning the issues at hand. *See e.g.*, *White*, 2011 WL 6175933, at *5 (permitting withdrawal where deemed admission went "directly to an important element of the plaintiff's case" and would result in concession of one of the movant's "principal arguments" against certain claims); *see also North Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2012 WL 113788, at *4 (E.D. Cal. Jan. 13, 2012) (finding Rule 36(b)'s first prong satisfied even when some of plaintiff's claims "could potentially survive" because it was nonetheless "clear that the merits of major portions of plaintiff's

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

claims would be subserved"). Because these admissions would stifle litigation and cause confusion concerning the rights and validity of the Air2O mark—critical issues in this action—the Court should grant Green Aire relief from RFA Nos. 1, 2, and 7 and permit the withdrawal of Green Aire's admissions.

**RFA No. 3**

3.      Admit that Defendant did not violate the provisions of 15 U.S. Code § 1125 with respect to the domain name <air20.com>.

RFA No. 3 requests Green Aire to admit that Salem did not violate 15 U.S.C. § 1125 with respect to the domain name "air20.com." [Omar Decl. ¶ 7, Ex. K.] This is an impermissible request concerning a conclusion of law. *See Davis v. Buckley*, No. 4:12-CV-78-TUC-JR, 2013 WL 12114581, at *2 (D. Ariz. June 11, 2013) ("Requests for admissions are intended to aid a party in establishing certain material facts and cannot be used to solicit 'admissions as denials to legal conclusions.'") (citation omitted). Again, the domain name "air20.com" is not at issue here. And RFA No. 3 does not cite a specific subsection of 15 U.S.C. § 1125. Such a broad admission could negate multiple elements of this action, including any additional claims Green Aire may bring, with the Court's leave. [*See* Green Aire's Mtn. to Set New Scheduling Order Deadlines, filed concurrently.] Again, this RFA has minimal value on its face.

But if the RFA is construed broadly and Green Aire is not allowed to withdraw its "admission" that Salem "***did not violate*** the provisions of 15 U.S.C. § 1125 with respect to the domain name   <air20.com>," then Green's Aire First Count—alleging Salem has "registered, trafficked in, and/or used the Air2O.com domain name in bad faith, with an intent to profit from the Air2O mark" pursuant to 15 U.S.C. § 1125(d) [*see* Pre-Transfer Doc. No. 1 ¶¶ 41-44]—is defeated. [Omar Decl. ¶ 7, Ex. K.] Allowing Salem to use this automatic admission would "practically eliminate any presentation of the merits" on Green Aire's claim, and thus, RFA No. 3 should be withdrawn. *See Hadley*, 45 F.3d at 1348.

**RFA Nos. 4 and 5**

4.      Admit that Defendant had reasonable grounds to believe that the

- 7 -

use of the domain name <air20.com> was a fair use or otherwise lawful.

5.     Admit that Defendant actually believed that the use of the domain name <air20.com> was of fair use or otherwise lawful.

RFA Nos. 4 and 5 request Green Aire to admit that Salem believed the use of the domain name "Air20.com" was fair or otherwise lawful.  [Omar Decl. ¶ 7, Ex. K.]  This, again, is an impermissible request for admission as it seeks an admission concerning a legal conclusion—*i.e.*, Salem acted fairly or without bad faith.  *See Davis*, 2013 WL 12114581, at *2.  Even so, these RFAs concern a domain name not at issue in this case—Air20.com— instead of Air2o.com.  Thus, the value of these RFAs is minimal, if any.

But if the RFAs are construed to concern the correct domain name—Air2O.com— and Salem had reasonable grounds to believe, or actual belief, that use of Air2O.com was "fair or otherwise lawful," then Salem may not have violated 15 U.S.C. § 1125(d).  Again, this would render Count I defunct.  *See* 15 U.S.C. § 1125(d)(1)(B)(ii); *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1192 (9th Cir. 2009) ("Congress has provided a safe harbor for defendants who believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful.").  RFA Nos. 4 and 5 pose the same risk to deciding this action on the merits as RFA No. 3, and thus, should be similarly withdrawn.  *See, e.g.*, *Vaught v. Clark*, No. 2:09-cv-3422 MCE CKD P., 2012 WL 5381518, at *6 (E.D. Cal. Oct. 31, 2012) (permitting withdrawal when otherwise, defendants would have "effectively conceded that a constitutional violation occurred;" such admissions did not promote the purpose behind Rule 36 to narrow—not eliminate—issues for litigation).

**RFA Nos. 6 and 8**

6.     Admit that the "AIR20" and "AIR20 INTELLIGENT COOLING" marks and "<air2o.com>" domain belongs to Defendant.

8.     Admit that that YOU did not register the domain name "<air2o.com>."

RFA Nos. 6 and 8 seek admissions that the marks "AIR20" and "AIR20 INTELLIGENT COOLING," and the domain name "<air2o.com>" "belong" to Salem, and

- 8 -

that Green Aire did not register the domain name "<air2o.com>." [Omar Decl. ¶ 7, Ex. K.] Once again, these RFAs concern two trademarks not at issue in this action. Moreover, "belong" is not a term of art in connection with trademark law (nor defined by Salem's RFAs). Thus, Green Aire is unsure what sort of admission this RFA even seeks. To the extent "belong" is analogous to Salem's use of "own" as used in RFA No. 1, RFA No. 6 is impermissible for the same reasons. Further, whether Green Aire registered the domain name "<air2o.com>" is irrelevant; its superior trademark rights would preclude infringing uses of the domain name regardless of the domain name's registration. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999) ("Comparison of domain names [registered by the respective parties] is irrelevant as a matter of law, since the Lanham Act requires that the allegedly infringing mark be compared with the claimant's *trademark*."); *see also* McCarthy on Trademarks and Unfair Competition § 25A:49 (noting for purposes of the Anti-Cybersquatting Consumer Protection Act, even "unregistered common law *marks* are protected by the Act") (emphasis added); *DSPT Intern., Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (defendant, who previously worked for plaintiff company and registered the domain name during his employment there, could subsequently be held liable for cybersquatting, notwithstanding that the domain name had been registered in defendant's name).

But again, if these RFAs are for some reason construed broadly and concern the trademarks at issue here, these admissions seek concessions on essential elements of this action, similar to RFA Nos. 1, 3, and 7. If Salem can argue, without proof, that he holds exclusive rights to the Air2O.com domain name, Green Aire's ability to pursue its cybersquatting claim is hampered since Salem may attempt to persuade the jury that his registration of the domain name, juxtaposed with Green Aire's failure to register it, demonstrates the absence of "bad faith intent to profit" under 15 U.S.C. § 1125(d)(1)(A)(i). Because the admissions would circumvent necessary litigation related to the use of the actual trademark at issue and the Air2O.com domain name, the Court should grant Green Aire relief from RFA Nos. 6 and 8 and permit their withdrawal.

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**B.    Withdrawal Will Not Prejudice Salem in Maintaining His Defense on the Merits.**

The second element of Rule 36(b) is satisfied if withdrawal will not prejudice the party who obtained the admission.  To prevent the withdrawal, Salem has the burden to prove he will be prejudiced by doing so.  *See Hadley*, 45 F.3d. at 1348.  The "prejudice" Salem must prove is an extremely high hurdle to clear.  "The prejudice contemplated is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. . . [but] the difficulty a party may face in proving its case" caused by, for example, the "unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."  *Hadley*, 45 F.3d. at 1348 (internal citations omitted); *see also Sonoda v. Cabrera*, 255 F.3d 1035, 1039–40 (9th Cir. 2001) (holding that the district court did not abuse its discretion by granting the Rule 36(b) motion to withdraw deemed admissions because the motion was made before trial and the nonmoving party would not have been hindered in presenting its evidence).

Salem cannot meet his burden here.  For starters, as detailed above, there are significant and meaningful issues with the RFAs that render their value questionable, at best.  Even so, there are several other factors showing Salem will not be prejudiced.  No trial date has been set, meaning trial is *not* imminent, and thus, Salem's trial preparations will almost certainly remain unaffected.  *See, e.g.*, *White v. US*, No. CV-10-08128-PCT-JRG, 2011 WL 6175933, at *5–6 (D. Ariz. Dec. 9, 2011) (finding "the delay caused by the [movant's] motions and the time and money already expended in litigating the case" insufficient to establish prejudice; prejudice under Rule 26(b) "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses"); *Jimena v. UBS AG Bank, Inc.*, No. 1:07-CV-00367-OWW-SKO, 2011 WL 587309, at *5–6 (E.D. Cal. Feb. 9, 2011) (finding no prejudice even when party had relied on the admissions to cease discovery and now faced increased costs and difficulties identifying witnesses because motion to withdraw was not made "in the middle of a trial or a critical stage of the proceedings, when courts are more likely to find prejudice").  As no trial date

- 10 -

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

has been set, it is unlikely Salem has relied on the admissions in scheduling witnesses or otherwise marshalling evidence necessary for this case.  *See Hadley*, 45 F.3d at 1348 (focusing the prejudice inquiry on the unavailability of "key witnesses" and any "sudden need to obtain evidence").  Indeed, Salem is likely a key witness for the information covered by the RFAs.  Notably, these admissions do not conclude this *entire* action, or every claim and defense therein; thus other evidence will be necessary.  [*See, e.g.*, Omar Decl. ¶¶ 4, 6, 14, 23 (summarizing lack of discovery thus far, by either side).]   Clearly, Salem's preparations remain preliminary.

It also is unlikely that Salem has materially relied on these admissions in building his case, given that Salem previously sought, but did not obtain, Green Aire's responses to the RFAs.  [*See* Pre-Transfer Doc. No. 14.]  But when the court denied this request, and *expressly* permitted Salem to refile his motion, Salem did not do so.  [*See* Pre-Transfer Doc. No. 16.]  Thus, allowing Green Aire to now respond not only saves Salem from filing an additional motion, but provides him the relief he sought.

Lastly, any prejudice Salem may suffer is undermined by the very real need to litigate this action on its merits.  The purpose behind Rule 36 is clear:  to first, facilitate proof with respect to issues that cannot be eliminated and, second, to narrow the issues by eliminating those that can be.  *See* Fed. R. Civ. P. 36, advisory committee's note to 1970 amendment.  "The rule is not to be used in an effort to harass the other side or in the hope that a party's adversary will simply concede essential elements.  Rather, the rule seeks to serve two important goals:  truth-seeking in litigation and efficiency in dispensing justice."  *Conlon*, 474 F.3d at 622 (internal citations omitted).  Salem's RFAs, if deemed admitted, will not further these goals.  Instead, the admissions will hamstring the parties and the Court into a cheapened trial, where facts and the law are potentially relegated.  *See White*, 2011 WL 6175933, at *5-6  (withdrawing admission to RFAs that went "directly to an important element of the plaintiff's case," and would "foreclose[] one of [plaintiff's] principal arguments"); *Jimena*, 2011 WL 587309, at *3–4 (withdrawing "emasculating" omissions that would wrongfully "support the implementation of 'gotcha' justice").  As such, any

1  prejudice Salem may face pales in comparison to the need to establish the truth of these

2  matters, to allow the Court to dispense justice on the merits.

3  **V.    <u>CONCLUSION</u>**

4         For the foregoing reasons, Green Aire respectfully requests the Court grant it relief

5  from its admissions and allow Green Aire to withdraw the same, so both parties may present

6  the merits of their claims and defenses to the Court.

7

8         DATED this 5th day of October, 2020.

9                                        SNELL & WILMER L.L.P.

10

11                              By: *s/ Andrew Halaby*
                                     Andrew F. Halaby
12                                   Patrick W. Kelly
                                     Shalayne L. Pillar
13                                   One Arizona Center
                                     400 E. Van Buren, Suite 1900
14                                   Phoenix, Arizona  85004-2202
                                     *Attorneys for Plaintiff/Counterclaim*
15                                   *Defendant*

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5th, 2020 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: *s/ Christine Logan*

4828-1430-9321

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000