**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Green Aire for Air Conditioning WLL, | No. CV-20-01622-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Mohamed Farouk Salem, et al., | |
| Defendants. | |

Pending before the Court is Green Aire For Air Conditioning, W.L.L.'s Motion to Withdraw Deemed Admissions (Doc. 46). The Court has read and considered the Motion, Response (Doc. 51), and Reply (Doc. 52) and issues this ruling.

I.   **BACKGROUND**

Plaintiff, Green Aire For Air Conditioning, W.L.L. ("Green Aire") filed its Complaint on June 25, 2018 seeking injunctive relief and damages. (Doc. 1.) Green Aire asserts claims for Cybersquatting under the Lanham Act, as well as Misappropriation of Trade Secrets and Conversion arising from Defendant Mohamed Farouk Salem's ("Salem") misuse of the Green Aire's business and confidential information as it relates to AIR2O. (*Id.*) AIR2O is an internationally marked brand of air conditioning components. Green Aire claims that it purchased the AIR2O product line from the Speakman Company in 2011. Salem has filed a counterclaim against Green Aire for Trademark Infringement alleging that he is the rightful owner of the AIR2O trademark. (Doc. 4-1.)

On September 23, 2019, Salem served his Requests for Admissions ("RFAs") to

Green Aire. Green Aire's previous counsel failed to respond because his grandfather, who raised him, was gravely ill and in the hospital for several months. On December 11, 2019, Salem filed a motion to compel discovery, including the RFAs. The previous judge ruled the motion moot at least with request to the RFAs because Rule 36(a) is self-executing in that it results in automatic admission of matters requested if no response is given. (Doc. 16 at 4). After this matter was transferred to this Court, Green Aire filed the current motion.

## II. ANALYSIS

"A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b)

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)). In this case, the admissions sought relate directly to necessary elements of Salem's counterclaim and would effectively eliminate much of his burden to prove the actual merits of his claim. He seeks admissions related to ownership and registration of the marks. To succeed on a trademark infringement claim under the Lanham Act, a counterclaimant "must prove (1) that it has a protectible ownership interest in the mark; and (2) that [plaintiff's] use of the mark is likely to cause consumer confusion." *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006); see also *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.,* 638 F.3d 1137, 1144 (9th Cir. 2011). "Federal registration . . . 'confers important legal rights and benefits of trademark owners who register their marks.'" *Matal v. Tam*, 137 S. Ct. 1744, 1752 (2017) (quoting *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 172 (2015)). Among

others, one benefit is that "[r]egistration is 'prima facie evidence of the validity of the registered mark.'" *B & B Hardware*, 575 U.S. at 159 (citing 15 U.S.C. § 1057(b)). Thus, admissions related to ownership and registration practically eliminate any challenge to the first element of the claim. The other admissions related to the use of the domain name <air20.com>. Allowing this admission to remain would practically eliminate Green Aire's ability to prove its Cybersquatting claim.

Salem's argument to the contrary is not persuasive. Salem argues that even Green Aire catalogs these admissions as "irrelevant," but this argument is disingenuous. Green Aire's comments about irrelevance are contingent on the Court interpreting Salem's admissions as referring to "Air20" ("Air Twenty") rather than the "Air2O" ("Air Two Oh") mark at issue in this case. Green Aire clearly states that if the Court construes the admissions as referring to "Air2O" then the admissions would "cover precisely what this action seeks to resolve." (Doc. 46 at 10.) Salem's own motion refers to his use of "Air20" in the admissions' text as a "typographical error" and "not a trifle the Court should concern itself with." (Doc. 51 at fn.1.) So, he can hardly claim that Green Arie has conceded the admissions are irrelevant. Salem further argues that the admissions are not substantial because they would not preclude admission of evidence by Green Aire in an attempt to defeat the admission. Of course, that is not the case because the Court and parties would be bound by the admissions. It is well established that "[e]vidence inconsistent with a Rule 36 admission is properly excluded" at trial. *999 v. C.I.T. Corp.*, 776 F.2d 866 (9th Cir.1985); *see also Commonwealth Enters. v. Liberty Mut. Ins. Co.*, No. 95-55719, 1996 U.S. App. LEXIS 29664, at *10 (9th Cir. Nov. 13, 1996); *Joe Hand Promotions, Inc. v. Donaldson*, No. CV-14-02043-PHX-JAT, 2016 U.S. Dist. LEXIS 78587, at *10 (D. Ariz. June 15, 2016). Therefore, Green Aire would be precluded from arguing any position contrary to the admission.

The second half of the test is a showing of prejudice. "The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. "The prejudice contemplated is not simply that the party who obtained the admission will now

have to convince the factfinder of its truth. . . [but] the difficulty a party may face in proving its case" caused by, for example, the "unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley v. United States*, 45 F.3d. 1345, 1348 (9th Cir. 1995) (internal citations omitted).

Salem claims prejudice because discovery has already closed in this case. However, there is a pending motion to set new deadlines which can resolve this problem. After this case was transferred to this Court, a telephonic conference was held with the parties. The Court did not set a schedule pending ruling on this motion as well as the motion to set new deadlines. There is also no trial set in this case. Salem also claims prejudice due to the unavailability of witnesses outside this Court's jurisdiction. However, as Green Aire notes, these witnesses were outside the jurisdiction of the previous Court's jurisdiction too. So, Salem is in no worse position than he was in California.

Ultimately, it is this Court's desire, and the policy of federal jurisprudence, to promote cases being decided on the merits. *See e.g. Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In light of the status of the case, that goal is best served by granting Green Aire's motion.

### III.   CONCLUSION

In the Court's discretion,

**IT IS ORDERED**:

1. Green Aire's Motion to Withdraw Deemed Admissions (Doc. 46) is GRANTED; and

2. Green Aire's deemed admissions to Defendant Mohamed Farouk Salem's Request for Admissions Nos. 1 through 8 are withdrawn. Green Aire shall respond to Request for Admissions 1 through 8 within thirty (30) days of the date of this Order.

Dated this 20th day of January, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge